# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHN FREELS,
:
    Petitioner,                              Case No. 3:13-cv-180

:               District Judge Timothy S. Black
   -vs-                                     Magistrate Judge Michael R. Merz

Warden,
Lebanon Correctional Facility,
:
    Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2254 by John Freels. Freels is confined in Respondent's custody by virtue of the September 8, 2008, judgment of the Montgomery County Court of Common Pleas. He was sentenced to two concurrent terms of fifteen years to life on his plea of guilty to two counts of rape of a person under thirteen (Petition, Doc. No. 1, ¶¶ 3, 5).

The case has been referred to the undersigned pursuant to this Court's General Order of Assignment and Reference. It is before the Court for initial consideration under Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

The docket of the Common Pleas Court in this case[1] shows that Petitioner took no appeal from the judgment at the time it was entered. His first attempt to appeal was by motion for

---

[1] Available online at www.clerk.co.montgomery.oh.us.

1

delayed appeal in September, 2012. That motion was assigned Court of Appeals Case No. CA-025356. On October 3, 2012, that Court refused to permit the delayed appeal and the Ohio Supreme Court declined jurisdiction over an attempted further appeal on February 6, 2013 (Petition, Doc. No. 1, ¶ 9(g)(4).)

28 U.S.C. § 2244 2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing §2254 Cases. *Day v. McDonough,* 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).

Under Ohio law, an appeal of right must be taken within thirty days of the final judgment or, in this case, by October 8, 2008. No such appeal was taken and the statute of limitations thus began to run on that date and expired one year later on October 8, 2009. The Petition in this case was not filed until Petitioner signed it and deposited it with the prison authorities on May 20, 2013. At ¶ 18 for the form petition, prisoners are asked to say why a petition which was final more than a year before filing is not barred by the statute of limitations; Petitioner makes no statement on this point (Petition, Doc. No. 1, PageID 27).

Petitioner may believe, although he has not said so, that he has one year from the date that the Ohio Supreme Court refused to hear his case, but that it not so. A petitioner cannot start the statute of limitations running again by filing a motion for delayed appeal which is not granted. If he or she could do so, the statute of limitations would have virtually no effect in Ohio.

It is therefore respectfully recommended that the Petition herein be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Court of Appeals that an appeal would not be taken in objective good faith and should therefore not be permitted to proceed *in forma pauperis*.

June 11, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).