UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN D. FREELS, | : | Case No. 3:13-cv-180 |
| | : | |
| Petitioner, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Michael R. Merz |
| vs. | : | |
| | : | |
| WARDEN, Lebanon Correctional Institution, | : | |
| | : | |
| Respondent. | : | |

**DECISION AND ENTRY:
(1) ADOPTING THE REPORT AND RECOMMENDATIONS OF THE
MAGISTRATE JUDGE (Doc. 4);
(2) OVERRULING PETITIONER'S OBJECTIONS (Doc. 5);
(3) DISMISSING THE PETITIONER'S PETITION FOR WRIT OF
HABEAS CORPUS (Doc. 1) WITH PREJUDICE;
(4) DENYING ANY REQUESTED CERTIFICATE OF APPEALABILITY;
(5) CERTIFYING THAT ANY APPEAL WOULD NOT BE TAKEN
IN GOOD FAITH;
AND (6) TERMINATING THIS CASE**

This case is before the Court on the Report and Recommendations of the United States Magistrate Judge Michael R. Merz following the Magistrate Judge's initial review required by Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C.A. foll. § 2254.[1] (Doc. 4). The Magistrate Judge concludes that Petitioner's Petition for Writ of Habeas Corpus be dismissed with prejudice as barred by the statute of limitations, that a certificate of appealability should not be granted, and that any appeal would be objectively frivolous.

---

[1] Rule 4 specifically provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254; *see also Clark v. Waller*, 490 F.3d 551, 554 (6th Cir. 2007). As stated by the Sixth Circuit, the Rule "permits a district court to dismiss habeas petition *sua sponte* as an initial matter." *Scott v. Collins*, 286 F.3d 923, 929 (6th Cir. 2002), *abrogated on other grounds by Day v. McDonough*, 547 U.S. 198, 209-10 (2006).

1

Petitioner filed Objections to the Report and Recommendations (Doc. 5), which are now ripe for review by the Court.

In his Report and Recommendations, the Magistrate Judge recommends that Petitioner's Petition be summarily dismissed, pursuant to Rule 4 of the Rules Governing § 2254 Cases, on the grounds that Petitioner failed to file his Petition in this Court within the one year statute of limitations set forth in 28 U.S.C. § 2244(d).  Pursuant to § 2244(d), federal "habeas petitions brought by prisoners challenging state-court convictions must be filed within one year from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Torres v. Davis*, 416 Fed. Appx. 480, 481 (6th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)(A)).  The limitation period in the AEDPA "is not jurisdictional[,]" but the respondent may raise the untimeliness of the petition as "an affirmative defense . . . in its answer to a habeas petition." *Id*. (citing *Day v. McDonough*, 547 U.S. 198 (2006)).  "[D]istrict courts, while under no obligation to do so, are permitted to raise the issue sua sponte." *Id*. (citing *Day* 547 U.S. at 208–09).

"[T]he AEDPA statute of limitations is 'subject to equitable tolling in appropriate cases.'" *Id*. (citing *Holland v. Florida*, –– U.S. ––, 130 S.Ct. 2549, 2560 (2010)).  "[T]he doctrine of equitable tolling allows federal courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Id*. (quoting *Keenan v. Bagley*, 400 F.3d 417 (6th Cir. 2005); *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552 (6th Cir.2000)).  One asserting "equitable tolling bears the burden of proving he is entitled to it." *Id*. (citing *Robertson v. Simpson*, 624 F.3d 781 (6th Cir. 2010)).

However, "[e]quitable tolling should be invoked 'sparingly,' and a petitioner seeking equitable tolling must show both that he diligently pursued his rights and that some extraordinary circumstance prevented timely filing." *Id*. (citing *Roberston*, 624 F.3d at 784; *Holland*, 130 S.Ct. at 2562). Petitioner "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562.

Here, in objecting to the conclusions of the Magistrate Judge, Petitioner contends that his constitutional right to a direct appeal "was denied because he was without funds to appeal" and "he was declared indigent[.]" (Doc. 5, PAGEID 54). It is not clear how Petitioner's indigence prevented him from pursuing direct appeals of his conviction or from timely filing a habeas petition in this Court. Nevertheless, the Court finds no authority concluding that a petitioner's indigence is sufficient to warrant the equitable tolling of the limitations period. Thus, Petitioner fails to show that he has been pursuing his rights diligently or that some extraordinary circumstance preventing him from timely filing.

Accordingly, as required by 29 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the findings of the Magistrate Judge and has considered the issues presented *de novo*. Based on that review, the Court: (1) **ADOPTS** Report and Recommendations of the Magistrate Judge (Doc. 4); (2) **OVERRULES** Petitioner's Objections (Doc. 5); (3) **DENIES** and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus (Doc. 3) with prejudice; (4) **DENIES** any request for a certificate of appealability under 28 U.S.C. § 2253(c); (5) **CERTIFIES** that any appeal would not be taken in good faith and **DENIES** any request for leave to appeal *in forma pauperis*; and (6) **TERMINATES** this case on the Court's docket.

**IT IS SO ORDERED.**

Date:  7/3/13                                    *s/ Timothy S. Black*
                                                 Timothy S. Black
                                                 United States District Judge